IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESUS ARZOLA and MAYNOR MARTINEZ, on behalf of themselves and other persons similarly situated, | ) ) ) ) |
| | CIVIL ACTION NO. |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| | JUDGE |
| | MAG. JUDGE |
| RIMAX CONTRACTORS, INC., | ) ) ) |
| *Defendant*. | ) |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiffs Jesus Arzola and Maynor Martinez, through their attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, file this Collective Action Complaint against Defendant Rimax Contractors, Inc.

## NATURE OF THE ACTION

1. This is an action by Jesus Arzola and Maynor Martinez ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiffs were employed as manual laborers by Defendant Rimax Contractors, Inc. ("Defendant"). While working for the Defendant, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiffs seek to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Defendant during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Jesus Arzola

5. Plaintiff Jesus Arzola ("Plaintiff Arzola") is a resident of Florida.

6. Plaintiff Arzola was hired by Defendant in 2014.

7. Plaintiff Arzola worked for Defendant at various jobsites in Louisiana and Florida, including in Orleans Parish. Defendant's jobsites were staffed by forty to fifty laborers.

8. Plaintiff Arzola worked as a manual laborer. In connection therewith Plaintiff Arzola installed framing and sheetrock, and performed other related construction activities.

9. Defendant paid Plaintiff Arzola $18.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $18.00 per hour.

10. At all relevant times, Plaintiff Arzola and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff Maynor Martinez

11. Plaintiff Maynor Martinez ("Plaintiff Martinez") is a resident of Florida.

12. Plaintiff Martinez was hired by Defendant in 2014.

13. Plaintiff Martinez worked for Defendant at various jobsites in Louisiana and Florida, including in Orleans Parish. Defendant's jobsites were staffed by forty to fifty laborers.

14. Plaintiff Martinez worked as a manual laborer. In connection therewith Plaintiff Martinez installed framing and sheetrock, and performed other related construction activities.

15. Defendant paid Plaintiff Martinez $18.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $18.00 per hour.

16. At all relevant times, Plaintiff Martinez and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

## Defendant Rimax Contractors, Inc.

17. Defendant Rimax Contractors, Inc. is a corporation organized under the laws of the state of Georgia, with its principal place of business in Lawrenceville, Georgia.

18. Defendant is in the business of supplying labor for the construction industry in the southeastern United States and several other countries.

19. Defendant supervised the day to day work activities of the Plaintiffs.

20. Defendant determined Plaintiffs' work schedule for the employment at issue herein.

21. The paychecks that the Plaintiffs received for the employment at issue herein bore the name "Rimax Contractors, Inc."

22. Defendant maintains employment files for the Plaintiffs.

23. Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

25. Defendant provides labor services to the construction industry in Louisiana, Mississippi, Florida, and Georgia, as well as international locations. Defendant's services include construction, sheet rocking, framing, masonry, drywall and general construction services. Defendant employs more than forty employees at any one time.

26. Defendant paid Plaintiffs by check.

27. Plaintiffs normally worked more than forty hours a week for the Defendant. Defendant often required Plaintiffs to work up to seven days per week.

28. Defendant never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

29. Defendant willfully violated Plaintiffs' rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA. Defendant was and is aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS

30. Defendant paid the named Plaintiffs and other similarly situated employees at an hourly rate for work performed.

31. Defendant treated the named Plaintiffs and other similarly situated employees as exempt from the FLSA's overtime requirements.

32. When the named Plaintiffs and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

33. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

34. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

35. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least August 2013 and continuing until the present.

36. As a consequence of Defendant's FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*  */s/ William H. Beaumont*
_____  _____
Roberto Luis Costales  William H. Beaumont
3801 Canal Street, Suite 207  3801 Canal Street, Suite 207
New Orleans, LA 70119  New Orleans, LA 70119
Louisiana Bar #33696  Louisiana Bar #33005
Telephone: (504) 534-5005  Telephone: (504) 483-8008
Facsimile: (504) 272-2956  *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*