UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS ARZOLA, MAYNOR
MARTINEZ, BILANDER LOPEZ, ALAN
VELASQUES, ALEXANDER
HERNANDEZ, JELEN MERLO,
WALTER JIMENEZ, ERMAN
CANTILLANO, JOE PINEDA, ELIAS
MEJIA, TANIA MERLO, ESTEBAN
DIAZ, JONATAN RIVERA, ALEXIS
AMADOR, BERNADINO CASTRO,
VICTOR COCTECON, DARLIN
VELASQUEZ, MELCHOR ACEVEDO,
JOSE CALIX, OSCAR VELIZ, RENE
ARRIAZA and LARA EVELIO,

     Plaintiffs,

v.                          Case No:  2:16-cv-718-FtM-99MRM

RIMAX CONTRACTORS, INC.,

     Defendant.

                                /

## **ORDER**[1]

This matter comes before the Court on Plaintiff Oscar Veliz's Motion for Partial

Dismissal (Doc. #32) filed on November 4, 2016. Pursuant to Fed. R. Civ. P. 41(a)(2),

Plaintiff Veliz moves to dismiss his claims without prejudice in the instant action against

Defendant. (Doc. #32). Taking the instant Motion under advisement, the Court issued an

Order requiring Plaintiff to file a Notice explaining the circumstances surrounding the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

proposed dismissal of his claims. (Doc. #36). In compliance with the Court's Order, Plaintiff filed such Notice on November 18, 2016. (Doc. #37). The Court will now turn to the matter at hand.

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A district court is afforded "broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted). Typically, "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986).

Here, the Court finds no evidence of prejudice against Defendant. Plaintiff Veliz represents that Defendant does not oppose his dismissal from the instant action. (Doc. #32 at 1). Due to an administrative error, Plaintiff Veliz explains he was mistakenly included as a party in the First Amended Complaint. (Doc. #37 at 1). Furthermore, Plaintiff has already settled his claims against Defendant in the previous action styled, *Veliz et al v. Rimax Contractors, Inc. et al*, Civ. No. 15-6339 (E.D. La. Nov. 27, 2016). For the reasons stated above, the Court finds good cause to dismiss Plaintiff Veliz and his claims from the instant action.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Partial Dismissal (Doc. #32) is **GRANTED**. This case is **DISMISSED** as to **Plaintiff Oscar Veliz** *only*.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record